IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY CARL BROWN,

                Petitioner,                OPINION & ORDER

  v.

                                                    00-cr-104-jdp

UNITED STATES of AMERICA,            16-cv-531-jdp

                Respondent.

---

Petitioner Bradley Carl Brown, an inmate at the United States Penitentiary in Terre Haute, Indiana, was convicted of bank robbery under 18 U.S.C. § 2113(a) and sentenced by Judge John C. Shabaz to life in prison as a repeated serious-violent-felony offender under 18 U.S.C. § 3559(c). *United States v. Brown*, No. 00-cr-104. Now appearing pro se, Brown seeks to vacate his sentence under 28 U.S.C. § 2255.

But this is not Brown's first § 2255 motion. In December 2003, Brown filed a § 2255 motion that was denied as time barred. *See* Dkt. 36 in case no. 00-cr-104. Brown cannot file a second § 2255 motion in this court without first getting permission from the Court of Appeals for the Seventh Circuit under 28 U.S.C. §§ 2244 and 2255(h). Because Brown does not say that he has received permission from the Court of Appeals, and my own review of the Seventh Circuit's docket does not show that Brown has gotten permission, I must dismiss the petition. Brown's next step should be to ask the Seventh Circuit for permission to file a new § 2255 motion.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Brown makes "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask Brown to submit argument on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate whether Brown has filed a second § 2255 motion without prior authorization, I will not issue him a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Bradley Carl Brown's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered May 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge